ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL XI

| DAVID RODRÍGUEZ DE LEÓN RECURRENTE v. DEPARTAMENTO DE CORRECCIÓN Y REHABILITACIÓN RECURRIDO | TA2025RA00268 | Revisión Administrativa procedente del Departamento de Corrección y Rehabilitación Caso Núm: GMA1000-401-25 |
|---|---|---|

Panel integrado por su presidenta, la Jueza Rivera Marchand, la Jueza Mateu Meléndez, la Jueza Boria Vizcarrondo y el Juez Robles Adorno

Rivera Marchand, Jueza Ponente

**SENTENCIA**

En San Juan, Puerto Rico, a 26 de noviembre de 2025.

Comparece ante esta Curia, por derecho propio y de forma *pauperis,* el señor David Rodríguez de León (Sr. Rodríguez de León o recurrente). [1] Mediante su escrito intitulado *Apelación*, cuestiona la *Respuesta del Área Concernida/Superintendente* que emitió la División de Remedios Administrativos del Departamento de Corrección y Rehabilitación (DCR), el 9 de junio de 2025, la cual fue objeto de reconsideración. En ella, el DCR recomendó al Sr. Rodríguez de León discutir la solicitud de terapias con su trabajador social, durante su entrevista de seguimiento.

Por los fundamentos que exponemos a continuación, confirmamos el dictamen administrativo recurrido. Veamos.

**I.**

El 29 de mayo de 2025, el Sr. Rodríguez de León instó ante el DCR la *Solicitud de Remedio Administrativo* (GMA1000-401-25). En ella, reclamó tener derecho a recibir las terapias que ofrece el Negociado de Evaluación y Asesoramiento (NEA). Tras evaluar su

---

[1] Mediante la *Resolución* emitida el 3 de octubre de 2025, declaramos Ha Lugar la *Solicitud y Declaración para que se exima de pago de arancel por razón de indigencia* que instó el recurrente.

solicitud, el DCR emitió el dictamen impugnado, mediante el cual, le recomendó "discutir el asunto de las terapias solicitadas durante su entrevista de seguimiento con su social y de este modo orientarlo al respecto si las requiere o no."

Inconforme, el Sr. Rodríguez de León presentó un petitorio de reconsideración ante el DCR, en el cual, adujo haber discutido el tema de las terapias con el Área de Sociales quienes presuntamente, hasta el momento, no han actuado al respecto. En reacción, el DCR notificó su *Respuesta de Reconsideración al Miembro de la Población Correccional,* a través de la cual, se reafirmó en su pronunciamiento previo, aclarando lo siguiente:

> Luego de evaluar la Solicitud de Reconsideración se determinó modificar la contestación del Área de Sociales.

> Sr. Rodríguez de León, en su Solicitud de Remedio usted expresó su interés en beneficiarse de terapias en el Programa SPEA [Sección de Programa de Evaluación y Asesoramiento]. El caso fue discutido en el Área [d]e Sociales. Nos informaron que en la próxima entrevista de seguimiento se va a trabajar con el referido, pues corresponde incluir una información necesaria que usted debe proveer.

En desacuerdo aun, el recurrente acude ante esta Curia mediante el recurso de epígrafe y, sin propiamente identificar señalamientos de error, suplica que ordenemos al DCR brindarle las terapias del Programa SPEA.

En cumplimiento con nuestro requerimiento, la Oficina del Procurador General de Puerto Rico presentó su correspondiente alegato, en representación del DCR. Con el beneficio de las comparecencias de ambas partes, resolvemos.

## II.

### A. La Revisión Judicial y la Doctrina de la Deferencia Judicial

La Sección 4.1 de la Ley Núm. 38-2017, Ley de Procedimiento Administrativo Uniforme del Gobierno de Puerto Rico (LPAU), 3 LPRA sec. 9671, dispone que las decisiones administrativas pueden ser revisadas por el Tribunal de Apelaciones. Ahora bien, en el ejercicio de tal facultad, el foro apelativo está obligado a ser

deferente a las determinaciones de los organismos administrativos en consideración a la experiencia y al conocimiento especializado que estas poseen sobre los asuntos que le fueron delegados. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* 2025 TSPR 33, resuelto el 27 de marzo de 2025. Al mismo tiempo, esta facultad revisora delimita la discreción de los organismos administrativos a modo de asegurar que estos ejerzan sus funciones dentro de los márgenes de las facultades que le fueron delegadas por ley. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros*, 2025 TSPR 56, resuelto el 21 de mayo de 2025.[2] Por último, permite a los foros judiciales velar que los entes administrativos den cumplimiento a los mandatos constitucionales, en especial, al debido proceso de ley. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* 213 DPR 743 (2024).

Como se sabe, las agencias administrativas son -en muchas ocasiones- los primeros intérpretes de las leyes que rigen el ejercicio de su ministerio. *Buxó Santiago v. Oficina de Ética Gubernamental,* 2024 TSPR 130, resuelto el 10 de diciembre de 2024. Ahora bien, son los tribunales los que gozan de facultad para interpretar las leyes y la Constitución. *Íd.* Por consiguiente, ante una interpretación de la agencia que produzca resultados incompatibles o contrarios a su política pública o a su propósito interpretado, la deferencia cede ante la interpretación administrativa. *Íd.* Entiéndase que, los foros judiciales no tienen que ser deferentes ante la interpretación de derecho que realice un organismo administrativo, sencillamente porque la legislación es ambigua. *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* 2025 TSPR 56, resuelto el 21 de mayo de 2025.

Por lo tanto, al revisar una actuación de una agencia administrativa, el criterio rector es la razonabilidad. *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. De manera que,

---

[2] Véase, además, *Jusino Rodríguez v. Junta de Retiro del Gobierno de Puerto Rico,* 2024 TSPR 138, resuelto el 26 de diciembre de 2024.

procede la revisión judicial cuando el organismo administrativo haya actuado de forma arbitraria, ilegal, irrazonable o que haya abusado de su discreción. *Íd.*

A tono con lo anterior, la Sección 4.5 de la LPAU, 3 LPRA sec. 9675, y su jurisprudencia interpretativa limitan la revisión judicial a tres (3) aspectos: (1) si es apropiado el remedio concedido; (2) si las determinaciones de hechos están basadas en evidencia sustancial; (3) si las conclusiones de derecho fueron correctas. *Íd.* De conformidad, a tenor de la Sección 3.14 de la LPAU, 3 LPRA sec. 9654, el dictamen final del ente administrativo sujeto a revisión judicial ha de contener la advertencia sobre el derecho a solicitar reconsideración o revisión judicial, adicional a las determinaciones de hechos y a las conclusiones de derecho. *Íd.*

Como vemos, al ejercer su facultad revisora, los tribunales no pueden descartar de forma absoluta el dictamen administrativo, sin antes haber examinado la totalidad del expediente y haber determinado que la agencia actuó irrazonablemente al ejercer su discreción administrativa. *Voilí Voilá Corp. et al. v. Mun. Guaynabo,* supra. Al mismo tiempo, el Tribunal Supremo ha resuelto con igual firmeza que, los tribunales no podemos imprimirle un sello de corrección, so pretexto de deferencia, a las determinaciones o interpretaciones administrativas irrazonables, ilegales, o simplemente contrarias a derecho. *Íd*; *Super Asphalt v. AFI y otro,* 206 DPR 803 (2021).

Por otro lado, la citada Sección 4.5 de la LPAU, *supra,* dispone que "[l]as conclusiones de derecho serán revisables en todos sus aspectos por el tribunal". *Vázquez y otro v. Consejo de Titulares y Junta de Directores del Condominio Los Corales y otros,* supra. Aun así, se sustituirá el criterio de la agencia cuando no se pueda hallar fundamento racional que explique o justifique el dictamen administrativo. *Rolón Martínez v. Supte. Policía,* 201 DPR 26, 36 (2018). Por ende, "los tribunales deben darle peso y deferencia a las interpretaciones que la agencia realice de aquellas leyes

particulares que administra". *Íd.* Lo anterior responde a la vasta experiencia y al conocimiento especializado o *expertise* que tienen las agencias sobre los asuntos que le son encomendados. *Capó Cruz v. Jta Planificación et al.,* 204 DPR 581 (2020). Ahora bien, cuando el razonamiento de la agencia sea incompatible o contrario al propósito y a la política pública del estatuto interpretado, los tribunales tienen libertad absoluta de descartar las conclusiones de dicho organismo administrativo, en aras de obtener un resultado sensato, lógico y razonable. *Otero Rivera v. USAA Fed. Savs. Bank,* 214 DPR 473 (2024).

De otra parte, dada la presunción de corrección y regularidad que reviste a las determinaciones de hecho elaboradas por las agencias administrativas, éstas deben ser respetadas mientras la parte que las impugna no produzca evidencia suficiente para derrotarlas. *Transp. Sonnell v. Jta. Subastas ACT,* 214 DPR 633 (2024); *Katiria's Café, Inc. v. Municipio Autónomo de San Juan,* supra. Por lo tanto, si al examinar un dictamen administrativo se determina que: (1) la decisión administrativa no está basada en evidencia sustancial; (2) la agencia erró en la aplicación de la ley; (3) el organismo administrativo actuó de manera irrazonable, arbitraria o ilegalmente; o (4) su actuación lesiona derechos constitucionales fundamentales, entonces la deferencia hacia los procedimientos administrativos cede. *Hernández Feliciano v. Mun. Quebradillas,* 211 DPR 99 (2023).

### III.

Según expusimos en el tracto procesal, el Sr. Rodríguez de León solicita nuestra intervención para que ordenemos al DCR proveerle las terapias bajo el Programa SPEA.

Por su parte, el DCR afirma haber atendido adecuada y responsivamente la solicitud de remedio del recurrente, sin negarle el beneficio a recibir las terapias reclamadas. Lo antes, bajo el fundamento de que, la División de Remedios Administrativos carece de facultad para calendarizar tales terapias. A esos efectos abunda

que, "no puede proveer remedios que corresponden a otras dependencias u oficinas del Departamento. Solo puede hacer viable el remedio solicitado por el miembro de la población correccional mediante los referidos que procedan a las áreas concernidas."

El DCR expone, además, que las mencionadas terapias no se ofrecen de forma inmediata, más bien, sujeto a la cantidad de recursos humanos y físicos disponibles para ofrecerlas, y a que el confinado haya cumplido con los requisitos para acudir ante la Junta de Libertad Bajo Palabra u otros programas de desvío. Asegura haber referido al recurrente para recibir las terapias objeto de este recurso, y que él está en una lista de espera para tomarlas, una vez termine el grupo que actualmente las recibe.

A la luz de lo anterior, nos resultan suficientes y razonables las gestiones que realizó el DCR, dirigidas a atender la solicitud de terapias del Sr. Rodríguez de León. A lo antes se añade que, el recurrente no derrotó la presunción de corrección y deferencia de la cual gozan las determinaciones finales de las agencias administrativas, ni demostró que el DCR actuó de manera irrazonable, arbitraria o ilegalmente al referir su solicitud de terapias al área concernida. En su consecuencia, le corresponde al Sr. Rodríguez de León proveer la información necesaria que tiene pendiente de entregar y esperar a que termine la sesión grupal que está en curso.

### IV.

Por los fundamentos expuestos, confirmamos el dictamen impugnado, relacionado a la *Solicitud de Remedio Administrativo* (GMA1000-401-25).

Lo acordó el Tribunal y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones